### No. 707
### PAPISTA v. CECIL

No. 19224. Supreme Court.
On motion to certify. Dock. June 22, 1925; 3 Abs. 417.

829. NEGLIGENCE—Is failure of passenger in automobile to remonstrate with driver as to excessive rate of speed, such contributory negligence as to be the proximate cause of injuries suffered?

Nicholas Papista brought an action in the Cuyahoga Common Pleas against John Cecil for the purpose of recovering for injuries occasioned by the alleged negligence of Cecil. Papista, Cecil and one other started from Cleveland on a trip to Columbus, all three sitting in the front seat of the automobile. Cecil was driving the automobile at the time and he operated it at such an excessive rate of speed, 40 miles per hour, that it skidded and collided with a stump at the roadside, and by reason of the car overturning, Papista was pinned under the automobile thereby suffering great injuries.

Cecil interposed the defense of contributory negligence, said defense being based upon the fact that Papista made no remonstrance against the speed at which the automobile was being operated. The judgment in the Common Pleas favored Cecil, the judgment being affirmed by the Court of Appeals. The case is brought to the Supreme Court on motion to certify where it is contended by Papista that:

The lower court charged very thoroughly on the ground of contributory negligence, instructing the jury that if Papista failed to do that which he should have done, and if failure to do so was the proximate cause of the injury, then he could not recover. It is submitted that, as a general matter of law, the charge was correct, but that in the case at bar it was incorrect, because the only contributory negligence relied upon by Cecil was that Papista failed to make any remark to him in regard to the rate of speed which he was traveling.

It is claimed, that to say that the failure of a passenger to remonstrate is the proximate cause of an injury which occurs as a result of excessive rate of speed is carrying the rule requiring a passenger to use ordinary care for his own safety, to the limit. It is further claimed that the circumstances in the case do not constitute a situation of joint enterprise.

It is the contention of Papista that if there was any negligence at all on his part it was remote and not proximate cause of the injury. The fact that the street upon which the machine traveled was slippery, due to rain which had fallen, raises the contention that the doctrine of "res ipsa loquitur" should have applied. Cecil's negligent application of the brakes under the conditions present at the time of the accident, it is contended, was the proximate cause of the injury, and the court should have charged if the jury found that injuries of Papista were caused by the driving of Cecil the contributory negligence of Papista must be disregarded by it.

Attorneys—Melville W. Vickery for Papista; Dustin, McKeehan, Merrick, Arter & Stewart for Cecil; all of Cleveland.